IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM SHIPLEY,           )<br>                    Petitioner,    )<br>                                              )<br>    v.                                         )<br>                                              )<br>STATE OF CALIFORNIA, et al.,  )<br>                    Respondent.  )<br>_____ | CASE NO.     2:07-cv-2611 BJR<br><br>ORDER DENYING PETITION FOR<br>A WRIT OF HABEAS CORPUS |

## I.     INTRODUCTION

Petitioner is a California state prisoner who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)[1] After a jury trial, he was found guilty of inflicting corporal injury on a cohabitant in violation of California Penal Code § 273.5(a). The jury also found true an enhancement allegation that he had a prior felony conviction (*see* Cal. Pen. Code §667(b)-(i)) and he was sentenced to six years in state prison. Petitioner contends that the trial court erred in: (1) admitting into evidence statements made by the victim during a 911 call and to the police officer who responded to that call, and (2) imposing a sentence that exceeded the statutory maximum under California's Determinate Sentencing Law. The court, having reviewed the record and briefing of the parties, finds as follows:

---
[1] Petitioner filed an Amended Petition on October 6, 2008. (Dkt. No. 29.)

1

## II.     BACKGROUND

Petitioner's jury trial commenced on July 11, 1994. *See People v. Shipley*, 2008 WL 2461811, at *2 (Cal.App. 3 Dist. 2008). Petitioner failed to appear on the third day of trial, and a bench warrant was issued for his arrest. *Id*. The trial court ordered that the trial continue in his absence. *Id*. On July 15, 1994, the jury convicted him of violating Cal. Pen. Code 273.5(a) and, in a bifurcated proceeding, found true the allegation that Petitioner had been convicted of first degree burglary in 1984. *Id*. Nearly eleven years later, Petitioner was arrested and sentenced on the 1994 conviction. *Id*.

Petitioner appealed his conviction in the California Court of Appeal, Third District, alleging that the trial court erred in: (1) admitting the victim's statements into evidence, (2) denying a motion to strike the prior offense allegation, and (3) imposing a parole revocation fine under a statute enacted after his offense. On June 19, 2008, the Appellate Court rejected Petitioner's first two grounds for relief, but found merit in the third contention of error. *Shipley*, 2008 WL 2461811 at *1. The judgment was modified to strike the parole revocation fine imposed under Cal. Pen. Code §1202.45. *Id*. at 6. Petitioner filed a petition for review with the Supreme Court of California, which was denied on August 27, 2008.

Petitioner filed a petition for writ of habeas corpus in the California Superior Court, Sacramento County. He alleged in the petition that: (1) the trial court erred in imposing a sentence that exceeded the statutory maximum under California's sentencing structure, (2) he was denied his right to a jury trial on the prior criminal conviction, and (3) his constitutional rights were violated when the trial court imposed the sentence as a "strike 2" case. (Dkt. No. 29 at 4.) The petition was denied on June 4, 2007. He filed a petition with the California Court of Appeal, Third District, which was denied on July 7, 2007. (*Id*. at 44.) The California Supreme

Court, in turn, denied the petition on October 10, 2007. (*Id*. at 45.) The present petition was filed in the United States District Court for the Eastern District of California on December 5, 2007 (Dkt. No. 1) and transferred to this court on March 2, 2010 . (Dkt. No. 37.)

### III.   FACTS

On March 23, 1994, Petitioner's cohabitant, Cheryl, called 911 and asked for medical assistance because her boyfriend, Petitioner, "really beat me up pretty bad." *Shipley*, 2008 WL 2461811 at *1. She said she had run to a store from their house, a few blocks away, after the incident, 15 to 20 minutes earlier. *Id*. Cheryl stated that she did not want to file charges, "just I'm afraid right now…We have a little one at home, too….I just want to talk to a police officer, I think….I want to go home." *Id*. Deputy Wright responded to the 911 call. When he arrived at the store, the left side of Cheryl's face was swollen, bruised and bloody. *Id*. She was very upset and difficult to understand because she was crying. *Id*.  Cheryl told Deputy Wright that the Petitioner had hit her several times in the face with his fist, knocked her to the ground and kicked her. *Id*. Deputy Wright returned with Cheryl to her residence where Petitioner became agitated and combative. *Id*. The deputy placed Petitioner in his patrol vehicle, returned to the residence, and took a more detailed statement from Cheryl. *Id*.

Cheryl did not appear at trial; however, a transcript of her call to 911 and her statements to Deputy Wright were admitted into evidence.

### IV.   GROUNDS FOR RELIEF

Petitioner raises the following grounds for relief:

1. The trial court erred in admitting into evidence the victim's out-of-court statements; and

2. The trial court erred by imposing a prison term that exceeded the statutory maximum allowed under California's Determinate Sentencing Law.

V.   DISCUSSION

*A.   Standard of Review*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition because it was filed after the enactment of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment, 28 U.S.C. § 2254 provides the exclusive vehicle for his habeas petition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) Under the AEDPA, a habeas petition may not be granted with respect to any claim adjudicated on the merits in state court unless Petitioner demonstrates that the highest state court decision rejecting his petition was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented. . . ." 28 U.S.C. § 2254(d)(1) and (2).

As a threshold matter, this court must ascertain whether relevant federal law was "clearly established" at the time of the state court's decision. To make this determination, the court may only consider the holdings, as opposed to *dicta*, of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). In this context, Ninth Circuit precedent remains persuasive but not binding authority. *See id*. at 412-13; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The court must then determine whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer v.*

*Andrade*, 538 U.S. 63, 71 (2003). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. At all times, a federal habeas court must keep in mind that it "may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be [objectively] unreasonable." *Id.* at 411. It is the petitioner's burden to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254; *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

AEDPA also requires federal courts to give considerable deference to state court decisions, and state courts' factual findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1). Federal courts are bound by a state's interpretation of its own laws. *See Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001) (*citing Powell v. Ducharme*, 998 F.2d 710, 713 (9th Cir. 1993)). This deference, however, is accorded only to "reasoned decisions" by the state courts. To determine whether the petitioner has met this burden, a federal habeas court looks to the last reasoned state court decision because subsequent unexplained orders upholding that judgment are presumed to rest upon the same ground. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007).

B.      *The Confrontation Clause Claim*

Petitioner claims that the trial court's admission of the victim's three out-of-court statements—(1) the transcript of the 911 call; (2) the victim's first statement to Deputy Wright outside the store; and (3) the victim's second statement to Deputy Wright after Petitioner was taken into custody—violated his Sixth Amendment right to confront witnesses giving testimony against him at trial. (Dkt. No. 29 at 10.) In *Crawford v. Washington*, 541 U.S. 53, 54 (2004), the Supreme Court held that the confrontation clause of the Sixth Amendment bars admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination. In *Davis v. Washington*, 547 U.S. 813 (2006), the Supreme Court applied *Crawford* to the 911 call context. It held that in that context, statements elicited by law enforcement officials are not testimonial if the primary purpose in giving and receiving them is to deal with a contemporaneous emergency, rather than to produce evidence about past events for possible use at a criminal trial. Petitioner claims that admission of the victim's statements should have been barred under *Crawford* and *Davis* because, in his estimation, "there was no ongoing emergency" at the time the statements were made. (Dkt. No. 29 at 11).

Petitioner raised this claim on direct appeal and the California Court of Appeal rejected it as to the victim's first two statements, but agreed it was an error to admit the victim's final statement to Deputy Wright. *See Shipley*, 2008 WL 2461811 at *3-*5. The state court stated:

> In our view, a bleeding battered woman alone on the street late at night, who has a little one at home, who wants to go home but is afraid to do so without police assistance, qualifies as an ongoing emergency. Such circumstances objectively indicate that the primary purpose of the interrogation is to enable police assistance to meet that emergency…To assess [the victim's] request for assistance and the threat to her and to first responders, the 911 operator and Deputy Wright needed to know what had happened to place her in such circumstances and how to enable police assistance. Accordingly, we conclude that [the victim's] statement during

6

>the 911 call and in the initial interview with Deputy Wright were nontestimonial….Once defendant had been taken into custody and secured by Deputy Wright…the circumstances objectively indicate that there was no longer an ongoing emergency. Thus, objectively, the primary purpose of the subsequent interrogation was to establish or prove past events potentially relevant to later criminal prosecution. Hence…that interrogation [was] testimonial and admitting [it] into evidence was error under *Crawford* and *Davis*…[.]

*Shipley*, 2008 WL 2461811 at *4-*5. Nevertheless, the state court concluded that the error did not require dismissal because it was "harmless beyond a reasonable doubt, under the standard of *Chapman v. California*, 386 U.S. 18 (1967)." *Id*. The state court found that the third statement did not contain anything significantly new or damaging beyond the statements that were properly admitted. *Id*. Therefore, the state court concluded, omission at trial of the third statement "would not have altered the outcome [of the trial]…[.]" *Shipley*, 2008 WL 2461811 at *5.

This court finds that the state court's disposition of this issue is not contrary to, nor does it involve an unreasonable application of, clearly establish federal law. The state court's determination that the primary purpose of the 911 call and the victim's first statement to Deputy Wright was to enable the police to assist in an ongoing emergency is a reasonable determination of the facts in light of the evidence presented at trial. Accordingly, there is no basis for disturbing the state court's ruling on this issue. *See Musladin v. Lamarque*, 555 F.3d 830, 838 n. 6 (9th Cir. 2009) (noting the AEDPA's deferential standard towards state-court decisions).

This court also agrees that the trial court erred in admitting the victim's third statement into evidence, but the error was harmless beyond a reasonable doubt and does not warrant reversal. *See Shipley*, 2008 WL 2461811 at *5 *citing Chapman v. California*, 386 U.S. 18 (1967). The elements of the charge, as the trial court instructed, are that: (1) Petitioner "wilfully inflicted bodily injury" upon a person, (2) that the person was Petitioner's cohabitant, and (3) the result was some form of "wound or external or internal injury." (*See* Dkt. No. 31, CT at 82.)  It was

7

undisputed that the Petitioner and victim were cohabitants[2] and the victim's face graphically displayed her injuries. The only question left at trial was the identity of the perpetrator. Thus, reduced to its core, Petitioner's prejudice theory is that there was a decent chance at trial that, despite the fact that the victim recited the identity of her perpetrator in the 911 call itself, the jurors would have had reasonable doubt regarding identity absent her final statement to Deputy Wright. The court is unpersuaded. The identity of the perpetrator was established by the 911 call; it would have remained so absent any further statements from the victim. Petitioner has not demonstrated unreasonableness in the state court's harmless error determination. Accordingly, there is no basis for federal relief on this claim.

C.     *The Sixth Amendment Sentencing Claim*

Petitioner argues that the trial judge improperly imposed a six-year sentence that exceeded California's statutory maximum, based on "additional facts found by the court and not the jury." (Dkt. No. 29 at 8.) Respondent counters that Petitioner failed to properly exhaust this claim in state court, and such as, the claim is foreclosed from federal habeas relief. This court agrees. Petitioner never challenged this claim on direct appeal. Rather, Petitioner raised the claim in his state habeas proceedings, and the state courts rejected it on procedural grounds. *See* Dkt. No. 29 at 41-45.[3] Exhaustion of state remedies requires the Petitioner to fairly present federal

---

[2] Indeed, Petitioner refers to the victim as his "common law wife" in his habeas petition. (Dkt. No. 29 at 7.)

[3] The superior court dismissed the claim for lack of jurisdiction, noting that "[a] trial court, after an appeal from a judgment of a conviction rendered by it in a criminal action has been perfected, is without authority to discharge through habeas corpus proceedings the appellant during the pendency of that appeal for any error, defect, or other infirmity appearing or existing in the proceeding taken in that action which was or might have been legally presented to the appellate court on the appeal." (Dkt. No. 29 at 41-43 (June 4, 2007 Order denying Petition for Writ of Habeas Corpus *citing People v. Mayfield*, 5 Cal.4th 220, 224-225 (1993).) The California Court of Appeal left the superior court's June 4, 2007 order undisturbed. (Dkt. No. 29 at 44 (California Court of Appeal, Third District's July 26, 2007 Order denying Petition for Writ of Habeas

claims to the state courts in order to give the state court the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim is not properly exhausted when it was presented to the state court in a procedural context that prohibits consideration on the merits. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that such a presentation does not constitute "fair presentation" to the state court). As the Supreme Court has stated:

> The purpose of exhaustion...would be no less frustrated...were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claim].'"

*Edward v. Carpenter*, 529 U.S. 446, 453 (2000) (citations omitted). Petitioner presented his Sixth Amendment sentencing claim to the California state courts in such a manner that the state courts could not, consistent with their own procedural rules, entertain the merits of the claim. Accordingly, the Sixth Amendment sentencing claim has not been properly exhausted and, therefore, is barred from federal habeas review.

## VI.   CONCLUSION

Based on the foregoing, the court HEREBY DENIES the Amended Petition for Writ of

---

Corpus).) The California Supreme Court also rejected the claim on procedural grounds, citing *In re Dixon*, 41 Cal.2d 756 (1953) (habeas corpus cannot serve as a substitute for an appeal, and a writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction. (Dkt. No. 29 at 45 (Supreme Court of California's October 10, 2007 denying Petition for Writ of Habeas).)

9

1  Habeas Corpus (Dkt. No. 29.) The case is DISMISSED.

2      DATED this 15th day of November, 2010.

3

4                                            <u>/s/ Barbara Jacobs Rothstein</u>

5

6                                            Barbara Jacobs Rothstein
                                          U.S. District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25